28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Myra KELLEY, Plaintiff-Appellant,
v.
COUNTY OF VENTURA PERSONNEL DEPARTMENT, Defendant-Appellee.
 No. 93-55258.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1994.
Decided July 6, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Myra Kelley appeals from the grant of summary judgment in favor of her employer, the County of Ventura Personnel Department ("the County"), in her Title VII case alleging that the County retaliated against her for filing discrimination charges with the Equal Employment Opportunity Commission ("EEOC").
 
 
 3
 * Kelley claims that from 1987 to 1989, the County committed unlawful retaliatory acts against her in violation of 42 U.S.C. Sec. 2000e-3(a),[1] which provides that:
 
 
 4
 It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.
 
 
 5
 Kelley had filed a complaint with the EEOC in August 1985, alleging a violation of Title VII because the County had failed to promote her because of her race. The record does not indicate the result of this filing.
 
 
 6
 A retaliation charge under section 2000e-3(a) must be filed within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. Sec. 2000e-5(e).[2] Kelley filed her retaliation charge with the EEOC on November 22, 1989. Therefore, the alleged unlawful employment practice must have occurred after January 27, 1989, to be timely. This requirement eliminates from our consideration the County's alleged retaliatory actions occurring in 1987 and 1988.
 
 
 7
 Kelley argues, nevertheless, that the County's retaliatory acts in 1987 and 1988 had a continuing impact in 1989, and therefore can be considered. To establish a continuing violation, Kelley must demonstrate "a series of related acts, one or more of which falls within the [limitations] period." Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1480 (9th Cir.1989) (quotation omitted); see also Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990). She must show that "sufficient evidence supports a determination that the alleged discriminatory acts are related closely enough to constitute a continuing violation." Green, 883 F.2d at 1480-81 (quotation omitted).
 
 
 8
 Kelley has not made this showing because the pre-1989 acts she complains of have no relationship to her suspension and denial of promotion in 1989. The pre-1989 retaliatory actions include a reprimand in November 1987 for being rude to a department head, a reduction of pay in October 1988 for discourteous behavior and neglect of duty, and a denial of promotion in October 1988 in favor of a more qualified candidate. Kelley has adduced no evidence demonstrating any relationship between these and the 1989 actions. See id. at 1481. Rather, the record indicates that each action was a separate act resulting from a distinct set of circumstances. Therefore, there was no continuing violation.
 
 II
 
 9
 In a Title VII retaliation case, the aggrieved employee "must first establish a prima facie case of retaliation by showing that she engaged in a protected activity, that she was thereafter subjected by her employer to adverse employment action, and that a causal link exists between the two." Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982). The County does not dispute that Kelley engaged in protected activity when she filed the charge with the EEOC in 1985, or that she was subjected to adverse employment action when the County suspended her for three days beginning on January 27, 1989, and reassigned her to a lower level position in September 1989. Only the third prong of the test--the causal relationship--is at issue.
 
 
 10
 "To show the requisite causal link, the plaintiff must present evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." Id. Causation establishing a prima facie case may be inferred from evidence showing that the adverse action occurred shortly after the employee filed her EEOC charge, Miller v. Fairchild Indus., Inc., 885 F.2d 498, 505 (9th Cir.1989), cert. denied, 494 U.S. 1056 (1990), that the employer treated the appellant differently from other employees, id. at 506; Cohen, 686 F.2d at 797, and that the employer's treatment of the employee changed after the employer learned of the employee's Title VII charge, Miller, 885 F.2d at 505; Breneman v. Kennecott Corp., 799 F.2d 470, 475 (9th Cir.1986).
 
 
 11
 Kelley has not presented sufficient evidence of a causal link to establish a prima facie case. First, the relevant adverse employment actions occurred three and a half years after she filed her EEOC charge in August 1985. Even if, as she claims, her employers did not learn of her EEOC charge until June 1987, when the EEOC held a fact-finding conference on her complaint, the relevant adverse employment actions did not occur until twenty months later. Such lengthy delay cannot constitute sufficient evidence of a causal link. See Miller, 885 F.2d at 505 (sufficient evidence of causal link where employees laid off 42 and 59 days after fact-finding conference); Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir.1987) (sufficient evidence where adverse actions occurred less than three months after complaint filed, two weeks after charge first investigated, and less than two months after investigation ended).
 
 
 12
 Kelley has also failed to show that the County treated her differently from other employees by selectively applying policies to her detriment. She was suspended for three days pursuant to County policy, and she was denied promotion after failing tests used to determine if an employee is capable of performing at the position. Kelley has provided no evidence that the County did not follow these guidelines with respect to other employees.
 
 
 13
 Finally, Kelley has not shown that the County's treatment of her changed after it learned of the discrimination charge. In Miller, we stated that the causal connection could be inferred from evidence that the "personnel who participated in the [adverse employment decision] ... were aware that the appellants had filed EEOC charges, had attended the EEOC fact-finding conference, and were the very people whose actions had prompted the appellants' complaints." 885 F.2d at 505.
 
 
 14
 Kelley maintains that the personnel director, Ronald Komers, was the person whose actions prompted her original 1985 complaint and who eventually approved her suspension and demotion in 1989. Even if Komers were involved in both the 1985 complaint and the 1989 adverse employment actions, this does not suggest a causal link under Miller. Unlike Miller, there is no evidence here that Kelley's supervisors who initially recommended her suspension and demotion knew of and had been named in the 1985 charge. See Miller, 885 F.2d at 505. Rather, the only reasons suggested by the record for the adverse actions are that one supervisor complained after Kelley used profanity against him, and that two others concluded that Kelley had failed to demonstrate the ability to handle the responsibilities of her position.
 
 
 15
 Since Kelley has not shown a causal connection between the 1985 charge and the 1989 adverse actions, she has not established a prima facie case of retaliation under Title VII, and summary judgment was properly granted.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Kelley also attempts to advance a claim of racial discrimination in this appeal, thus confusing her charge of racial discrimination filed with the EEOC in 1985 with her later charge of retaliation. However, the complaint in this case filed with the district court alleged only retaliation. This appeal, then, is limited to the issue of whether the County unlawfully retaliated against Kelley because of her 1985 racial discrimination charge
 
 
 [2]
 Section 2000e-5(e) sets the time for filing as 180 days after the unlawful employment practice occurred, or 300 days after the unlawful employment practice occurred if the aggrieved person initially instituted proceedings with a state or local agency authorized to grant relief. The record does not indicate if Kelley initially filed a charge with a state or local agency. However, since the County argues that the longer time period applies here, we accept the 300-day limit